**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| In re:<br><br>JOSEPH F. SEELY, JR. and<br>MONIQUE C. SEELY,<br><br>Debtors.<br>________________________<br>ANTHONY J. MANHART, CHAPTER 7<br>TRUSTEE,<br><br>Plaintiff,<br><br>v.<br><br>TODDLE INN DAY CARE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>Case No. 25-20230 PGC<br>Adv. Pro. 26- |

**COMPLAINT**

NOW COMES Anthony J. Manhart, the duly appointed, qualified, and acting Chapter 7 Trustee (the "Trustee" or "Plaintiff") in the above-captioned case, and hereby complains against Toddle Inn Daycare, Inc., ("Toddle Inn" or "Defendant") as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and District of Maine Local Rule of Civil Procedure 16.8, whereby all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the United States Bankruptcy Code (the "Bankruptcy Code"), are automatically referred to this Court.

2. Venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F), and this Court has authority to enter final orders and judgment herein.

4. The Trustee has standing to bring the causes of action herein pursuant to §§ 547(b), 548, 549, and 550(a) of the Bankruptcy Code.

5. The Trustee consents to the entry of final orders by the Bankruptcy Court in this adversary proceeding.

## BACKGROUND

6. Plaintiff is the duly appointed, qualified, and acting Chapter 7 Trustee in this case, pursuant to § 701 of the Code.

7. Upon information and belief, Defendant Toddle Inn Daycare, Inc., is a Maine company with offices in Scarborough.

8. On or around June 24, 2024, Debtors Joseph and Monique Seely (together, "Debtors") sold their primary residence located generally at 6 Caribou Drive in Limerick, ME (the "Homestead") in a real estate transaction.

9. At the time of the sale, Defendant held an attachment against Debtors' Homestead in connection with a pending state court proceeding.

10. To dissolve the attachment and close on the sale of their Homestead, Debtors agreed to escrow $167,790.35 in net proceeds at Preti Flaherty—Defendant's counsel in the state court proceeding and in the current matter.

11. On or around February 20, 2025, the Cumberland County Superior Court entered final judgment in favor of Defendant in the state court proceeding.

12. On September 24, 2025 (the "Petition Date"), Debtors filed an original voluntary petition under Chapter 7 of the United States Bankruptcy Code in this Court, Case No. 25-20230 (the "Bankruptcy Case").

13. Upon investigation by the Trustee into Debtors' affairs, and as stated in the Debtors' Schedules A/B #30 (Doc. No. 1), Debtors were owed at least the amount of $160,000.00[1] from sale of their Homestead, which was held in escrow by creditor and Defendant.

14. Prior to the Petition Date, Debtors had demanded return of the sale proceeds from Toddle Inn, but Toddle Inn did not return the funds.

15. Upon information and belief, despite repeated requests from Debtors (through counsel) for the release and return of the exempt proceeds, the funds were never released to them.

16. Upon information and belief, Preti Flaherty released the full $167,790.35 of the sale proceeds to Defendant upon final judgment in the state court proceeding (the "Escrow Transfer").

17. The Trustee references a compromise with Debtors, set forth in ECF 43 and approved by the Bankruptcy Court on March 10, 2026, in ECF 47.

**COUNT I**
**Turnover of Estate Property Pursuant to 11 U.S.C. § 542 and 14 M.R.S. § 4422(1).**

18. The Trustee repeats and realleges as if set forth fully herein, each and every allegation in this Complaint.

19. Pursuant to 11 U.S.C. § 541, the estate consists of all legal or equitable interests of the Debtor at the commencement of the case including causes of action.

20. Pursuant to 11 U.S.C. § 542, the Trustee is entitled to seek turnover of all property of the Debtors' estate.

---

[1] Effective October 24, 2024, the amount of the residence exemption was raised to $188,550 by Maine law. The Trustee reserves any arguments that Debtors were entitled to that amount of residence exemption as of the Petition Date.

21. In this case, property of the estate includes the proceeds from the sale of Debtors' Homestead.

22. Maine's Homestead Exemption exempts $160,000 from the sale of Debtors' Homestead. *See* 14 M.R.S. § 4422(1).

23. Maine's law provides that $160,000 from the proceeds of the sale of exempt property "is exempt for a period of 12 months from the date of receipt of such proceeds for purposes of reinvesting in a residence within that period" (the "Reinvestment Period"). *See* 14 M.R.S. § 4422(1)(C).

24. The Reinvestment Period is tolled because Debtors have never received the proceeds such that there has not yet been a "date of receipt of such proceeds" that would trigger the 12-month clock. *See* 14 M.R.S. § 4422(1)(C).

25. Debtors' right to claim the $160,000 Homestead Exemption was fixed as of the Petition Date.

26. Debtors did not waive their right to claim the Homestead Exemption prior to Bankruptcy.

27. Upon information and belief, the Escrow Transfer funds from the sale of Debtors' Homestead are in the possession, custody and/or control of Defendant.

28. The property is not of inconsequential value, as the Escrow Transfer funds constitute the entirety of Debtors' Homestead Exemption.

29. Defendant has refused to turnover the property, despite requests from Debtors and the Trustee.

30. Under § 542 of the Bankruptcy Code, the Trustee is entitled to recover the funds transferred to Defendant as property of the estate.

31. By reason of the foregoing, Defendant is liable to the Trustee for the return of the amount of the Escrow Transfer, or such other amount as the Court may determine, plus interest and costs

**COUNT II**
**Recovery of Property – 11 U.S.C. § 550**

32. The Trustee repeats and realleges as if set forth fully herein, each and every allegation in this Complaint.

33. Defendant is the initial transferee or mediate or intermediate transferee of the Escrow Transfer because Defendant's counsel, as escrow agent, transferred the sale proceeds of Debtors' Homestead directly to Defendant by check or other transfer.

34. Because the Trustee is entitled to turnover of the estate property for the reasons set forth above, and because Defendant is the initial transferee or mediate or intermediate transferee, the Trustee is entitled to recover the value of the Escrow Transfer from Defendant pursuant to § 550 of the Bankruptcy Code.

35. The value of the Escrow Transfer is entitled to be turned over for the benefit of the estate pursuant to § 511 of the Bankruptcy Code, and for the benefit of Debtors pursuant to 14 M.R.S. § 4422(1).

**COUNT III**
**Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. § 548, Maine State Law, and 14 M.R.S. § 4422(1).**

36. The Trustee repeats and realleges as if set forth fully herein, each and every allegation in this Complaint.

37. Debtors' Homestead was sold within two years before the Petition Date.

38. The Escrow Transfer to Defendant was a transfer of Debtors' property which was made within two years before the Petition Date.

39. At the time Debtors' Homestead was sold and at the time of the Escrow Transfer to Defendant, Debtor was insolvent.

40. At the time the proceeds of the sale of Debtors' Homestead were placed in escrow, and at the time of the Escrow Transfer, Defendant was on notice and had knowledge that at least the amount of $160,000 from the sale proceeds was exempt under Maine law. *See* 14 M.R.S. § 4422(1).

41. Debtors did not waive their right to claim the Homestead Exemption prior to Bankruptcy.

42. Debtors' right to claim the Homestead Exemption was fixed as of the Petition Date.

43. On information and belief, at the time of the Escrow Transfer, Debtors were insolvent. Debtors' liabilities were greater than the value of their assets and Debtors were unable to pay their bills as they came due.

44. Debtors received less than the exempt value as a result of the Escrow Transfer to Defendant. Debtors further received less than reasonably equivalent value for the Escrow Transfer.

45. Trustee made a demand to Defendant for the immediate return of the amount of the Escrow Transfer of sale proceeds.

46. Defendant has not returned the proceeds received in the Escrow Transfer, despite demands from Debtors and the Trustee.

47. As a result of the Escrow Transfer, Debtors and the estate suffered damages.

48. Under section 548 of the Bankruptcy Code and Maine state law, the Trustee is entitled to avoid the Escrow Transfer to Defendant and recover the funds transferred to Defendant.

49. By reason of the foregoing, Defendant is liable to the Trustee for the return of the amount of the Escrow Transfer, or such other amount as the Court may determine, plus interest and costs.

**COUNT IV**
**Recovery of Property – 11 U.S.C. § 550**

50. The Trustee repeats and realleges as if set forth fully herein, each and every allegation in this Complaint.

51. Defendant is the initial transferee or mediate or intermediate transferee of the Escrow Transfer because Defendant's counsel, as escrow agent, transferred the sale proceeds of Debtors' Homestead directly to Defendant by check or other transfer.

52. Because the Trustee is entitled to avoid the Escrow Transfer for the reasons set forth above, and because Defendant is the initial transferee or mediate or intermediate transferee, the Trustee is entitled to recover the value of the Escrow Transfer from Defendant pursuant to § 550 of the Bankruptcy Code.

53. The value of the Escrow Transfer is entitled to be avoided for the benefit of the estate pursuant to § 511 of the Bankruptcy Code, and for the benefit of Debtors pursuant to 14 M.R.S. § 4422(1).

**COUNT V**
**Conversion**

54. The Trustee repeats and realleges as if set forth fully herein, each and every allegation in this Complaint.

55. Debtors have had a continuing property interest in the Homestead Exemption portion of the sale proceeds at all times, including at the time of the Escrow Transfer.

56. Debtors have maintained the right to possession of the Homestead Exemption portion of the sale proceeds at all times, including at the time of the Escrow Transfer.

57. Defendant wrongfully obtained and withheld the Homestead Exemption portion of the sale proceeds.

58. Debtors and the Trustee have made several demands for the return of the proceeds, all of which were denied by Defendant.

59. By reason of the foregoing, Defendant is liable to the Estate for the return of the Homestead Exemption portion of the Escrow Transfer, or such other amount as the Court may determine, plus interest and costs.

**COUNT VI**

**Unjust Enrichment**

60. The Trustee repeats and realleges as if set forth fully herein, each and every allegation in this Complaint.

61. Defendant was conferred a benefit by virtue of the Escrow transfer.

62. Defendant had appreciation and knowledge of the benefit.

63. Defendant's acceptance and retention of the sale proceeds occurred under circumstances making its retention inequitable.

64. There was no contractual relationship between Defendant and Debtors, or Defendant and the Estate, governing the sale proceeds or the Homestead Exemption portion of such proceeds.

65. On grounds of fairness and justice, the law compels Defendant to return the full Escrow Transfer amount to the Estate, or such other amount as the Court may determine, plus interest and costs.

WHEREFORE, the Trustee seeks entry of judgment as follows:

A. Requiring Defendant to turn over to the Trustee for the benefit of the bankruptcy estate the sale proceeds, in an amount that was held at the time of the Escrow Transfers plus any applicable or allowable interest or costs;

B. Avoiding the Escrow Transfer and requiring turnover of the property pursuant to § 542 and § 548 of the Bankruptcy Code and 14 M.R.S. § 4422(1);

C. Recovering the value of the Escrow Transfer from Defendant pursuant to § 550 of the Bankruptcy Code, along with his costs incurred herein, including attorneys' fees and pre- and post-judgment interest to the fullest extent allowed by applicable law;

D. Awarding damages in favor of the Trustee and against Defendant for conversion under Maine state law;

E. Awarding damages in favor of the Trustee and against Defendant for unjust enrichment under Maine state law; and

F. Granting the Trustee such other and further relief as is just and equitable.

DATED: October 20, 2026

*/s/ Anthony J. Manhart*
Anthony J. Manhart, Esq.
Shea H. Watson, Esq.
Counsel for Anthony J. Manhart,
Chapter 7 Trustee
200 Middle Street. Suite 901
Portland, ME 04101
207-774-2635
tmanhart@perkinsthompson.com